1 | **BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
KEITH M. FLEISCHMAN, ESQ.

2 | FRANCIS P. KARAM, ESQ.
MARK T. MILLKEY, ESQ.

3 | STEPHANIE M. BEIGE, ESQ.
10 East 40th Street

4 | New York, NY 10016
Telephone: (212) 779-1414

5 | Facsimile: (212) 779-3218

6 | Lead Counsel for Lead Plaintiff
and the Class

7 |

8 | **GLANCY & BINKOW LLP**
LIONEL Z. GLANCY, ESQ.

9 | PETER A. BINKOW, ESQ.
MICHAEL GOLDBERG, ESQ.

10 | 1801 Avenue of the Stars
Suite 311

11 | Los Angeles, CA 90067
Telephone: (310) 201-9150

12 | Facsimile: (310) 201-9160

13 | Liaison Counsel for Lead Plaintiff
and the Class

14 |

**FILED**
CLERK, U.S. DISTRICT COURT

DEC 17 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority
Send
Enter
Closed •
JS-6
JS-2/JS-3
Scan Only

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN RE SEEBEYOND TECHNOLOGIES CORPORATION SECURITIES LITIGATION | Case No. 02-CV-5330 (DDP)<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| This Document Relates To:<br><br>ALL ACTIONS | Date: December 13, 2004<br>Time: 10:00 a.m.<br>Place: Courtroom 3, Second Floor<br>Before: Hon. Dean D. Pregerson |

**ENTERED**
CLERK, U.S. DISTRICT COURT

DEC 20 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE – Master File No. 02-CV-5330 (DDP)

ORIGINAL

1  This matter came before the Court for hearing pursuant to the Order of

2  this Court on the application of the parties for approval of the settlement set

3

4  forth in the Stipulation of Settlement dated as of September 14, 2004 (the

5  "Stipulation").  Due and adequate Notice having been given to the Class as

6  required in said Order, and the Court having considered all papers filed and

7

8  proceedings had herein and otherwise being fully informed in the premises

9  and good cause appearing therefore, IT IS HEREBY ORDERED that:

10

11      1.      This Judgment incorporates by reference the definitions in the

12  Stipulation, and all terms used herein shall have the same meanings as set

13  forth in the Stipulation.

14

15      2.      This Court has jurisdiction over the subject matter of the Action

16  and over all parties to the Action, including all Members of the Class.

17      3.      Class" and "Class Members" mean, for the purposes of the

18

19  Settlement, all persons or entities who purchased or acquired SeeBeyond

20  common stock between December 10, 2001 and May 7, 2002, including

21  stock issued pursuant to the Registration Statement for SeeBeyond's

22

23  February 21, 2002 stock offering (the "Class").  Excluded from the Class are

24  Defendants, the officers, directors and partners thereof, members of their

25  immediate families and representatives, heirs, successors or assigns, and any

26

27  entity in which any of the foregoing have or had a controlling interest.  Also

28

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE – Master File No. 02-CV-5330 (DDP)                    2

excluded from the Class are any putative Class Members who exclude

themselves by filing a request for exclusion in accordance with the

requirements set forth in the Notice.

4.    With respect to the Class, this Court finds and concludes that:

(a) the members of the Class are so numerous that joinder of all Class

Members in the class action is impracticable; (b) there are questions of law

and fact common to the Class which predominate over any individual

question; (c) the claims of the Lead Plaintiff are typical of the claims of the

Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately

represented and protected the interests of the Class Members; and (e) a class

action is superior to other available methods for the fair and efficient

adjudication of the controversy, considering: (i) the interests of the Class

Members in individually controlling the prosecution of the separate actions;

(ii) the extent and nature of any litigation concerning the controversy already

commenced by the Class Members; (iii) the desirability or undesirability of

concentrating the litigation of these claims in this particular forum; and (iv)

the difficulties likely to be encountered in the management of the Action.

Based on the foregoing findings, this Court finds that the requirements of

Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been

satisfied.

5.     Pursuant to Federal Rule of Civil Procedure 23, this Court

hereby approves the settlement set forth in the Stipulation and finds that said

Settlement is, in all respects, fair, reasonable and adequate to the Class.

6.     Except as to any individual claim of those Persons who have

validly and timely requested exclusion from the Class, the Action and all

claims contained therein, as well as all of the Released Claims, are dismissed

with prejudice as to the Lead Plaintiff and the other Class Members, as

against each and all of the Released Persons.  The Settling Parties are to bear

their own costs, except as otherwise provided in the Stipulation.

7.     Expressly ~~excluded from~~ included in the Released Claims, this Final

Judgment and ~~from~~ in each release in this action, including any release

submitted by any Class Member as part of the Proof of Claim Form and

Release, are any claims that have been asserted or could be asserted under

the Securities Act of 1933, the Securities Exchange Act of 1934, or any

other laws, for any conduct complained of in the Amended Class Action

Complaint pending in *In re SeeBeyond Technologies Corporation Securities*

*Litigation*, 02-CV-5330 (DDP), pending in the United States District Court

for the Central District of California, Western Division.

8.     The Court finds that the Stipulation and Settlement are fair,

reasonable and adequate as to the Class, and that the Stipulation and

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE – Master File No. 02-CV-5330 (DDP)                         4

Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

9.      Upon the Effective Date hereof, the Lead Plaintiff shall, and each of the Class Actions shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

10.      Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

11.      Upon the Effective Date hereto, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

12.      Each of the releases set forth or referred to in the Stipulation shall be and are hereby deemed to be in effect as of the Effective Date of the Stipulation.

13.      The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the

circumstances, including the individual notice to all Members of the Class

who could be identified through reasonable effort.  Said notice provided the

best notice practicable under the circumstances of those proceedings and of

the matters set forth therein, including the proposed settlement set forth in

the Stipulation, to all Persons entitled to such notice, and said notice fully

satisfied the requirements of Federal Rule of Civil Procedure 23 and the

requirements of due process.

14.    Any Plan of Allocation submitted by Lead Counsel or any order

entered regarding the attorneys' fees application shall in no way disturb or

affect this Final Judgment and shall be considered separate from this Final

Judgment.

15.    Neither the Stipulation nor the Settlement contained therein, nor

any act performed or document executed pursuant to or in furtherance of the

Stipulation or the Settlement: (a) is or may be deemed to be or may be used

as an admission of, or evidence of, the validity of any Released Claim, or of

any wrongdoing or liability of the Defendants or their respective Related

Persons; or (b) is or may be deemed to be or may be used as an admission

of, or evidence of, any fault or omission of any of the Defendants or their

respective Related Persons in any civil, criminal or administrative

proceeding in any court, administrative agency or other tribunal.  Defendants

and/or their respective Related Persons may file the Stipulation and/or the

Judgment from this action in any other action that may be brought against

them in order to support a defense or counterclaim based on principles of res

judicata, collateral estoppel, release, good faith settlement, judgment bar or

reduction or any theory of claim preclusion or issue preclusion or similar

defense or counterclaim.

16.    Without affecting the finality of this Judgment in any way, this

Court hereby retains continuing jurisdiction over: (a) implementation of this

Settlement and any award or distribution of the Settlement Fund, including

interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing

and determining applications for attorneys' fees, interest and expenses in the

Action; and (d) all parties hereto for the purpose of construing, enforcing

and administering the Stipulation.

17.    The Court finds that during the course of the Action, the

Settling Parties and each and all Defendants and their respective counsel at

all times complied with the requirements of Federal Rule of Civil Procedure

11.

18.    In the event that the Settlement does not become effective in

accordance with the terms of the Stipulation, or the Effective Date does not

occur, or in the event that the Settlement Fund, or any portion thereof, is

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE – Master File No. 02-CV-5330 (DDP)                    7

returned to the Defendants, then this Judgment shall be rendered null and

void to the extent provided by and in accordance with the Stipulation and

shall be vacated and, in such event, all orders entered and releases delivered

in connection herewith shall be null and void to the extent provided by and

in accordance with the Stipulation.

IT IS SO ORDERED

DATED: _12/17-04_

_____
JUDGE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Dated
_____
United States District Judge

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE – Master File No. 02-CV-5330 (DDP)                    8